**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KYLIE CARLSON; et al., | No. 09-55793 |
| Plaintiffs - Appellants, | D.C. No. 3:08-cv-00987-MMA-AJB |
| v. | |
| SAN DIEGO UNIFIED SCHOOL DISTRICT, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted May 7, 2010
Pasadena, California

Before: B. FLETCHER and PAEZ, Circuit Judges, and KORMAN, District
Judge.[**]

Kylie Carlson ("Kylie"), along with her parents Kevin and Candace Carlson,

allege that San Diego United School District ("the District"), failed to offer a free

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

appropriate public education ("FAPE") to Kylie as required by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq*. Plaintiffs allege that the District violated the IDEA when it failed to (1) develop and offer appropriate placement services in the area of occupational therapy ("OT") or (2) develop appropriate goals to address OT needs in Kylie's proposed February 2007 Individualized Education Program ("IEP"). Plaintiffs appeal the district court's order denying in part their motion to submit additional evidence, arguing that the denial constituted an abuse of discretion.[1] Plaintiffs also appeal the district court's order denying their request for relief under the IDEA. The district court held that Plaintiffs failed to exhaust their claims of procedural violations of the IDEA at the administrative hearing, and that the 2007 IEP formulated by the District provided Kylie with a FAPE. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[2]

---

[1] Because Plaintiffs failed to present any arguments or legal analysis on this issue to this court, we find that the claim is waived. *See Entm't Research Group v. Genesis Creative Group*, 122 F.3d 1211, 1217 (9th Cir. 1997); *Acosta-Huera v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992).

[2] We review factual findings for clear error, and we review de novo questions of law and mixed questions of law and facts. *J.L. v. Mercer Island Sch. Dist.*, 592 F.3d 938, 949 (9th Cir. 2010). In the IDEA context, we give particular deference to administrative findings that are thorough and careful. *Id.*

First, the district court's determination that Plaintiffs failed to exhaust their claims of procedural error before the Administrative Law Judge ("ALJ") was proper. Although the substantive issue before the ALJ and the district court was the same–the lack of OT goals addressing Kylie's sensory deficits–the statutory basis for the alleged procedural violation argued before the district court was different and therefore unexhausted. *Mercer Island*, 592 F.3d at 952. Moreover, even if the claim was exhausted, we conclude that there were no procedural errors that prevented Plaintiffs from fully participating in the creation of Kylie's February 2007 IEP; Plaintiffs informed the District of their concerns about Kylie's sensory issues, and they participated in the development of the 2007 IEP in person, through email, and by asking Kylie's outside instructors to participate in the IEP meetings.

Second, we hold that Plaintiffs failed to carry their burden of proving that the District did not offer Kylie a substantive FAPE in the 2007 IEP. *See Ms. S. v. Vashon Island Sch. Dist.*, 337 F.3d 1115, 1127 (9th Cir. 2003) *superseded on other grounds by* 20 U.S.C. § 1414(d)(1)(B). We agree with the district court that Plaintiffs' case "boils down to . . . a disagreement over the proper methodology." The ALJ and district court properly noted that "once a court determines that the requirements of the Act have been met, questions of methodology are for resolution by the States." *Bd. of Educ. v. Rowley*, 458 U.S. 176, 208 (1982).

3

Therefore, we affirm the district court's holding that the District provided Kylie with a FAPE in the 2007 IEP.

AFFIRMED.